**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **OLWAR ENRIQUE CORRALEZ MUNOZ,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-745-KC** |
| **PAMELA BONDI et al.,** | § § § | |
| **Respondents.** | § | |

## <u>SHOW CAUSE ORDER</u>

On this day, the Court considered Olwar Enrique Corralez Munoz's Motion to Proceed in Forma Pauperis ("Motion"), ECF No. 1, and Petition for a Writ of Habeas Corpus, ECF No. 1-1.

## I.      MOTION TO PROCEED IN FORMA PAUPERIS

Corralez Munoz requests that the Court allow him to proceed in Forma Pauperis ("IFP") and waive the filing fee for his Petition.  *See* Mot. 1.

To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required.  *Id.*  In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses.  *Roden v. Texas,* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995). Corralez Munoz has no income, savings, or assets.  Mot. ¶¶ 2–5.  He has thus made the requisite showing that he is unable to afford the costs of the proceeding and qualifies for IFP status.  *See Ayers*, 1995 WL 696702, at *1.

## II.    PETITION FOR A WRIT OF HABEAS CORPUS

Corralez Munoz is detained at Camp East Montana in El Paso, Texas.  Pet. ¶ 2.  He argues that his detention is unlawful and asks the Court to order his immediate release.  *Id.* ¶ 13.

Corralez Munoz entered the country in 2023, applied for asylum, and was released under supervision.  *Id.* at 10.  On August 20, 2025, Corralez Munoz was arrested by Immigration and Customs Enforcement officials while appearing for a scheduled appointment for his supervision, and re-detained.  *Id.*  As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025).  Of course, Respondents are nevertheless permitted to state their position before a ruling.  In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected.  Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Corralez Munoz's case warrant a different outcome.

Accordingly, the Court determines that Respondents must show cause why the Court should not grant Corralez Munoz the relief he seeks by March 24, 2026.

## III.    CONCLUSION

Accordingly, it is **ORDERED** that Corralez Munoz's Motion, ECF No. 1, is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by **no later than March 25, 2026**, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 18th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE